IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:05CV273 |
| | ) | |
| 1999 STARCRAFT CAMPER TRAILER, | ) | |
| VIN # 1SABS02R8X1UR3942, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

TILLEY, District Judge

Based upon discussions with the parties at their Settlement Conference and arguments presented by the parties in their Trial Briefs, the Court asked the parties to proffer evidence and supporting law regarding whether the Claimant, Janice Knight, could establish that she was an owner of the defendant 1999 Starcraft Camper Trailer (the "Camper"). For the reasons discussed below, Ms. Knight's claim to the Camper is DISMISSED as a matter of law.

I.

In July 2004, the Cabarrus County Sheriff's Department received information regarding marijuana plants being grown on property located at 10055 Jim Sossamon Road in Midland, North Carolina. At that site, detectives of the Cabarrus County Sheriff's Department observed a residence under construction, the Camper with

water/sewer and electrical hookups engaged and marijuana plants growing behind the residence. The search of an outbuilding on the property revealed marijuana plants and marijuana in metal tin cans. Additional marijuana was located in a cooler in the outbuilding. Ms. Knight was present for the search and provided detectives access to the Camper. A search of the Camper revealed a coffee can containing approximately 50 grams of marijuana. Ms. Knight denied any knowledge of the presence of marijuana on the real property or in the Camper.

Loren Knight, Ms. Knight's husband, was arrested and charged with manufacturing marijuana, felonious possession of marijuana and maintaining a dwelling (the Camper) to keep a controlled substance. The Camper was seized as being used to facilitate drug trafficking. On March 30, 2005, The United States filed a Verified Complaint of Forfeiture seeking forfeiture of the Camper pursuant to 21 U.S.C. § 881(a) on the grounds that it was used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance or that the Camper represented proceeds traceable to the sale of controlled substances. Ms. Knight filed a Verified Claim to the Camper on June 1, 2005 and filed an Answer to the Complaint on June 6, 2005. In her Answer, Ms. Knight asserted the "innocent owner" defense provided by 18 U.S.C. § 983(d).

During their Settlement Conference and in their trial briefs, the parties asserted various arguments regarding whether Ms. Knight was an innocent owner of the Camper. In particular, the parties appeared to agree that Ms. Knight was

2

innocent and focused primarily on whether Ms. Knight was an owner of the Camper. Ms. Knight asserted that she was an owner of the camper based on the property doctrine of tenancy by the entireties and also based on the definition of "marital property" as established by the North Carolina equitable distribution statute.

II.

Ms. Knight, asserts that the Camper is not subject to forfeiture due to the "innocent owner defense." "Innocent ownership" is a defense to forfeiture for owners of the property who are uninvolved in and unaware of the illegal activity. 18 U.S.C. § 983(d). Ms. Knight must prove two elements in order to prevail on the innocent owner defense. First, Ms. Knight must prove that she is an owner of the property. Second, Ms. Knight must prove either (1) she did not know of the conduct giving rise to the forfeiture or (2) "upon learning of the conduct giving rise to forfeiture she did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d). There does not seem to be any question that Ms. Knight had no knowledge marijuana was located in and around the Camper. Thus, the only real issue is whether Ms. Knight is an owner of the Camper.

The statute specifies that the term "owner" includes "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 953(d)(6)(A). The term owner does not include

3

(1) "a person with only a general unsecured interest in, or claim against, the property or estate of another"; (2) "a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized"; or (3) "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 953(d)(6)(B).

A.

In her trial brief, Ms. Knight asserted that she is an owner of the Camper because the Camper is "owned by tenancy by the entireties." The Fourth Circuit has held, by unpublished opinion, that when title is held by husband and wife as tenants by the entirety, no interest can be forfeited to the government solely because of a spouse's criminal acts. United States v. 39 Acres in Cherokee County, 940 F.2d 654 (4th Cir. 1991).

Under North Carolina law, tenancy by the entirety has traditionally applied only to real property. Wilson v. Ervin, 227 N.C. 396, 399, 42 S.E.2d 468, 470 (1947). By statute, however, the North Carolina legislature has extended application of the common law doctrine of tenancy by the entirety to mobile homes; pursuant to N.C. Gen. Stat. § 41-2.5, "[w]hen a husband and wife become co-owners of a mobile home, in the absence of anything to the contrary appearing in the instrument of title, they become tenants by the entirety with all the incidents of an estate by the entirety in real property." N.C. Gen. Stat. § 41-2.5 (a). The statute specifies that a "mobile home" for purposes of the statute is "a portable manufactured housing unit designed for transportation on its own chassis and

4

Case 1:05-cv-00273-NCT-WWD   Document 32   Filed 10/10/06   Page 4 of 9

placement on a temporary or semipermanent foundation having a measurement of over 32 feet in length and over eight feet in width." N.C. Gen. Stat. § 41-2.5©.

According to National Automobile Dealers Association Guide, the Camper is a Travel/Fifth Wheel Trailer measuring 34 feet by 8 feet. The Camper has at least one "bump-out" room that can expand the width of the Camper when parked to approximately 16 feet. The Camper was not on a foundation at the time of seizure, however, it is possible that the Camper could be placed on a temporary or semipermanent foundation.

Assuming that the Camper satisfies the statutory definition of a mobile home, Ms. Knight still must establish that she and Mr. Knight are "co-owners" of the Camper. See N.C. Gen. Stat. § 41-2.5 (a). North Carolina Department of Motor Vehicle records indicate that Mr. Knight is the registered owner of the Camper, and that he applied for title in his name alone.

To create an estate by entirety, the spouses must be "jointly named in the deed." Ingram v. Easley, 227 N.C. 442, 444, 42 S.E.2d 624, 626 (1947); see N.C. Gen. Stat. § 39-13.6(b) ("A conveyance of real property, or any interest therein, to a husband and wife vests title in them as tenants by the entirety when the conveyance is to: (1) a named man "and wife," or (2) a named woman "and husband," or (3) two named persons, whether or not identified in the conveyance as husband and wife, if at the time of conveyance they are legally married; unless a contrary intention is expressed in the conveyance."); Combs v. Combs, 273 N.C.

5

462, 465, 160 S.E.2d 308, 311 (1968) (explaining that tenancy by the entirety is created where unities of time, title, interest, possession and unity of person are present).

In this case, the title to the Camper is in Mr. Knight's name alone. There is no indication that Mr. Knight has attempted to have Ms. Knight named as a co-owner of the camper. Ms. Knight's evidentiary proffer does not present any evidence that Ms. Knight was a "co-owner" of the Camper as that term is used in N.C. Gen. Stat. § 41-2.5 or as the term is generally used in the North Carolina common law regarding tenancy by the entireties. Moreover, by failing to address this issue in her evidentiary proffer, Ms. Knight appears to concede that she cannot establish that the Camper is owned as tenants by the entirety.

In sum, Ms. Knight has not presented any evidence regarding the "co-owner" requirement of N.C. Gen. Stat. § 41-2.5. Nor has Ms. Knight presented any evidence regarding the general requirement with entireties properties that spouses be identified either by name or title in the ownership document. Therefore, as a matter of law, Ms. Knight cannot establish that the Camper was owned as tenants by the entirety.

B.

In her trial brief and in her evidentiary proffer, Ms. Knight asserts that the Camper is marital property because it was purchased during her marriage to Mr. Knight. Ms. Knight further asserts that because the Camper is marital property, she

6

is a co-owner of the Camper. As evidentiary support for her argument, Ms. Knight has proffered that the Camper was purchased for $12,326.40 from funds in Mr. Knight's checking account, that the funds in the checking account had been moved from Mr. Knight's savings account, and that Ms. Knight had contributed $37,750 to Mr. Knight's savings account. Ms. Knight has also proffered that she and Mr. Knight intended to sell their home in Charlotte and live in the Camper while their residence in Midland was being constructed. Finally Ms. Knight has produced a copy of the insurance policy on the Camper, which lists both Ms. Knight and Mr. Knight as named insureds. The other evidence proffered by Ms. Knight relates to the real property on which the Camper was located and to the residence being constructed on the real property. Such evidence is not relevant to the issue of whether Ms. Knight is an owner of the Camper.

Ms. Knight asserts that these facts establish the Camper to be marital property as that term is defined by the North Carolina equitable distribution statutes. Assuming that the Camper would be classified as marital property in the event the Knights were to separate and file for divorce and for the equitable distribution of their marital property, such classification, however, does not establish that Ms. Knight is an owner of the Camper. The North Carolina Court of Appeals has explained that "[e]quitable distribution is a statutory right granted to spouses under G.S. 50-20 which vests at the time of separation" and "does not create a property right in marital property." Hearndon v. Hearndon, 132 N.C. App. 98, 101, 510

7

S.E.2d 183, 185 (1999); see also In re Halverson, 151 B.R. 358, 362 (M.D.N.C. 1993) (explaining that the "mere classification of separately-titled property as 'marital property' does not give one spouse an equitable title to or an interest in the separately-owned property of another"). Rather, the equitable distribution statute only creates "a right to an equitable distribution of that property, whatever a court should determine that property is." Hearndon, 132 N.C. App. at 101, 510 S.E.2d at 185 (quoting Wilson v. Wilson, 73 N.C. App. 96, 99, 325 S.E.2d 668, 670 (1987)).

Despite clear holdings from the North Carolina Court of Appeals that the equitable distribution statute does not create a substantive property right in marital property, Ms. Knight continues to assert that she is an owner of the Camper because it is marital property. In support of her position, Ms. Knight cites Perlow v. Perlow, 128 B.R. 412 (E.D.N.C. 1991).

Perlow was a bankruptcy case in which a husband and wife had filed for divorce and equitable distribution and the husband filed for bankruptcy prior to the entry of an order in the equitable distribution matter. Id. at 414. Ms. Knight asserts that the Perlow court "held the wife had a valid claim to the property, but since the bankruptcy case had no assets, her claim was discharged." [Claimant's Proffer of Evidence at 3]. Ms. Knight's reliance on Perlow is misplaced; the fact the Perlow court held the wife had a valid claim to marital property does not mean the Perlow court held the wife had a substantive property interest in that property. In fact, the

8

Perlow court specifically rejected an argument that the right to equitable distribution of marital property created a substantive property right in the marital property. Id. at 415. Consistent with North Carolina case law, the Perlow court held that the wife did not have a property right in any marital property in the husband's bankruptcy estate and that the wife's claim was a general unsecured claim against the estate. Id.

Ms. Knight asserts that she is an owner of the Camper because it is martial property under the North Carolina equitable distribution statute. North Carolina law is clear that the equitable distribution statue does not create a substantive property right in marital property. Ms. Knight cannot establish that she is an owner of the Camper simply because it would be classified as marital property if the Knights were to separate and seek equitable distribution of their marital property.

### III.

As a matter of law, Ms. Knight cannot establish that she is an owner of the Camper. Therefore, Ms. Knight's claim of ownership is DISMISSED.

This the day of October 10, 2006

/s/ N. Carlton Tilley, Jr.
United States District Judge

9